UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C L O S E D

CLIFFORD HARVEY, #807398,

    Petitioner,

v.

CASE NO. 2:08-CV-14988
HONORABLE ANNA DIGGS TAYLOR

SHERIFF PECKELL, et al.,

    Respondents.
_____/

**OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS, AND (3) DENYING REQUEST FOR RESTRAINING ORDER AND BOND**

**I.    Introduction**

Clifford Harvey ("Petitioner"), a pre-trial detainee presently confined at the Genesee County Jail in Flint, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his pending prosecution on state criminal charges in the Genesee County Circuit Court. He has also filed a letter request for a restraining order and bond. Petitioner raises several claims concerning the criminal complaint, the bond proceedings, the arraignment (or lack thereof), and the impartiality of the police, prosecutors, and judges in his habeas petition.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

1

court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition for writ of habeas corpus must be dismissed.

**II.     Discussion**

Petitioner challenges his pending criminal prosecution in the Genesee Court Circuit Court in this habeas action. A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380,

388 (2d Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished).

Petitioner has not met his burden here. To the extent that he seeks dismissal of his pending state charges and release from custody, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. Additionally, to the extent that Petitioner may be seeking a speedy trial or other resolution of the charges, he has not exhausted his claims in the state courts by filing a request for a speedy trial or dismissal with the appropriate state court and pursuing his appellate remedies as necessary. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). He has also not shown that special circumstances warrant federal habeas review. The state courts must first be given a fair opportunity to rule upon the merits of Petitioner's claims before he presents them for federal habeas review. The instant petition is premature and must be dismissed.[1]

## III.   Conclusion

For the reasons stated, the Court concludes that Petitioner's challenge to his ongoing state criminal proceedings is premature and that he is not entitled to habeas relief at this time. His petition must therefore be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of

---

[1] To the extent that Petitioner complains about the conditions of confinement at the Genesee County Jail in his petition, he is also not entitled to habeas relief. A habeas corpus petition is an appropriate vehicle for challenging the fact or duration of prisoner's confinement, but is not appropriate vehicle for challenging the conditions of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Hodges v. Bell*, 170 Fed. Appx. 389, 393 (6th Cir. 2006); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Such claims are more properly brought in a civil rights action under 42 U.S.C. § 1983 after the completion of available administrative remedies. *See Preiser*, 411 U.S. at 484.

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that reasonable jurists would not find the Court's ruling debatable and that Petitioner has failed to make a substantial showing of the denial of a constitutional right at this time. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis*. as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus and **DENIES** a certificate of appealability and leave to proceed on appeal *in*

*forma pauperis*.  Given this determination, the Court also **DENIES** Petitioner's letter request for a restraining order and for bond [d/e-4].

    **IT IS SO ORDERED**.

DATED:  January 14, 2009                               <u>s/Anna Diggs Taylor</u>
                                                       ANNA DIGGS TAYLOR
                                                       UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Petitioner by First Class U.S. mail on January 14, 2009.

Clifford Harvey, #807398
Genesee County Jail
1002 S. Saginaw Street
Flint, MI 48502                                        <u>s/Johnetta M. Curry-Williams</u>
                                                       Case Manager